IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Wissam T. Hammoud, | ) | Civil Action No. 5:17-cv-2419-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Bonita T. Mosley, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 38) recommending that Respondent's motion for summary judgment (Dkt. No. 25) be granted. For the reasons set forth below, the Court adopts the R & R as the order of the Court and Respondent's motion for summary judgment is granted.

**I.    Background**

Petitioner Wissam T. Hammoud is currently incarcerated at a Federal Correctional Institution ("FCI") in Edgefield, South Carolina. This Court adopts the facts as outlined in the R & R and therefore provides only a summary here. (Dkt. No. 38 at 1 – 4.)

Petitioner was charged with a disciplinary charge under the Bureau of Prisons ("BOP") Code 296, which deals with the "use of mail for abuses...." (Dkt. No 1-1 at 18.) The incident report alleged that on February 8, 2017, prison officials at FMC-Fort Worth in Texas, where Petitioner was previously in custody, found a letter from his cellmate to another person in the mail that was addressed to Petitioner's wife. (*Id.*) Petitioner is on required mail monitoring. (*Id.*) At a hearing on March 7, 2017, a disciplinary hearing officer ("DHO") reviewed the charge. (Dkt. No. 25-6 at 2.) At the hearing, Petitioner contended that only he sent the letter to his brother, a doctor, in order to calm down his cellmate who was engaging in violent and disruptive behavior.

(Dkt. No. 1 at 2.) The DHO found Petitioner guilty of the charge. (Dkt. No. 25-6 at 2.) The DHO imposed sanctions of loss of 27 days of Good Conduct Time, 5 days of disciplinary segregation, 90 days loss of phone, 90 days loss of email and 30 days loss of commissary. (*Id.*) Respondent's evidence shows that DHO's report was delivered to Petitioner on March 27, 2017. (Dkt. No. 25-6 at 3.)

On March 17, 2017, before the report was delivered, Petitioner began the process of appealing the discipline and sanctions. (Dkt. No. 1-1 at 17.) On April 3, 2017, the Regional Office rejected the appeal, writing that "All four pages of your (BP-9) (BP-10 (BP-11) form must be legible and worded the same. Photocopies of the form will not be accepted." (Dkt. No. 1-1 at 15.) The rejection notice then ended with remarks, stating that "All 4 pages of our your [sic] BP-10 must be legible. Follow instructions and resubmit." (*Id.*) Petitioner was given fifteen days to resubmit the appeal in the proper form. (*Id.*) Instead of resubmitting, Petitioner appealed the Regional Office's rejection notice to the Central Office on April 21, 2017. (Dkt. No. 1-1 at 22.) The Central Office similarly rejected Petitioner's appeal, instructing Petitioner to "follow directions provided on prior rejection notices" and "correct errors and resubmit at the regional level. (Dkt. No. 1-1 at 21.)

Petitioner did not follow these instructions, and instead resubmitted his initial appeal to the Regional Office no later than May 1, 2017. (Dkt. No. 1-1 at 17.) The Region rejected the appeal again on May 24, 2017, including the same direction as in the first rejection notice regarding how to cure the deficiencies in the filing, and further explaining that Petitioner needed to provide the "proper number of continuation pages" for the appropriate offices along with two extra copies of the appeal. (Dkt. No. 1-1 at 13.) Petitioner attempted to resubmit his appeal once more to the Regional Office and two more times to the Central Office before petitioning this Court. (Dkt. No.

1-1 at 7, 9 – 10.) All appeals were rejected as they were not in the proper form or not at the correct office. (Dkt. No. 1-1 at 7 – 8, 10.)

On September 7, 2017, Petitioner petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner contends that it would have been futile for him to exhaust his administrative remedies since both the Regional and Central Offices failed to respond to his appeals and because he received incorrect procedural information from staff at FCI-Edgefield. (Dkt. No. 1 at 3.) The petition itself includes two claims: first, for due process violations since Petitioner allegedly did not receive a report from the DHO, and; second, that the Petitioner was retaliated against for exercising his purported First Amendment right to send a letter of complaint. (Dkt. No. 1 at 3 – 4.) Respondent filed a motion to dismiss or, in the alternative, for summary judgment on January 29, 2018. (Dkt. Nos. 15; 25.) Petitioner filed a response. (Dkt. No. 34.)

The Magistrate Judge, reviewing the record, recommended that Respondent's motion for summary judgment should be granted since Petitioner failed to exhaust his administrative remedies, and that Petitioner failed to demonstrate the "extraordinary circumstances" necessary for a finding of futility. (Dkt. 38 at 10.) The Magistrate Judge did not proceed to review the merits as Plaintiff's claims were procedurally barred. (Dkt. No. 38 at 12 – 13.) Petitioner filed objections to the R & R on June 25, 2018. (Dkt. No 44.)

## II. Legal Standard

### A. Summary Judgment[1]

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no

---

[1] Pursuant to Fed. R. Civ. P. 12(d), because both parties presented matters outside of the pleadings, Respondent's motion is treated as one for summary judgment.

dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

### B. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made. Fed. R. Civ. P. 72(b)(2). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

Petitioner filed three objections, therefore those portions of the R & R are reviewed *de novo*.

### III. Discussion

It is well settled that a prisoner "must exhaust their administrative remedies prior to filing a § 2241 petition." *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004); *Taylor v. Warden, Satellite Prison Camp at Edgefield, S.C.*, No. 2:16-CV-01826-RBH, 2017 WL 359497, (D.S.C.

Jan. 25, 2017). In this context, the Petitioner must therefore exhaust all administrative remedies provided within the BOP. *Henderson v. Warden, Edgefield Satellite Prison Camp*, No. CIVA 209CV01599-RBH, 2009 WL 3317149, at *2 (D.S.C. Oct. 14, 2009) ("It is well settled that a federal prisoner is required to exhaust his administrative remedies within the BOP before filing an action pursuant to § 2241.").

It is uncontroverted that Petitioner failed to exhaust his administrative remedies. The BOP provides a three step process for appealing determinations by a DOH. 28 CFR 542.14; 28 CFR 542.15. The record is clear that Petitioner filed appeals with the BOP, but never brought his appeals into proper form even after the rejection notices provided explicit instructions on how to do so. (Dkt. No. 1-1 at 13, 17, 21.)

However, the exhaustion requirement may be excused where the Petitioner can demonstrate futility. *Chestnut v. Mosley*, No. CV 1:18-747-RBH-SVH, 2018 WL 2091387, at *2 (D.S.C. Mar. 30, 2018), *report and recommendation adopted*, No. 1:18-CV-00747-RBH, 2018 WL 2087252 (D.S.C. May 4, 2018) ("A petitioner's failure to exhaust his administrative remedies may be excused under certain circumstances, such as by showing futility."). *See also United States v. Harris*, 11 F. App'x 108, 109 (4th Cir. 2001). Petitioner has failed to demonstrate futility here.

In his first objection, Petitioner alleges that it would have been futile to exhaust his administrative remedies because of the confusion placed upon him by the multiple rejections and the lack of staff assistance. (Dkt. No. 44 at 1.) However, Petitioner admittedly received the rejection notices, as detailed in his first objection, and the rejection notices explicitly laid out for Petitioner how to comport his appeal to the procedural requirements. (*See* Dkt. No. 1-1 at 13, 17, 21.) Therefore, Petitioner's first objection fails to demonstrate any futility.

In his second objection, Petitioner alleges that his mental health history and illnesses qualify as "extraordinary circumstances," rendering futile attempts to exhaust administrative remedies. (Dkt. No. 44 at 2.) However, this contention is belied by the fact that, in a parallel proceeding pending before this Court and filed only one day later, Petitioner *did* exhaust his administrative remedies and succeeded in correcting his filings after being given instructions on how to do so in a rejection notice. (*See* 5:17-cv-2433-RMG, Dkt. Nos. 1-1 at 5, 25-9.) Therefore, Petitioner has provided no evidence demonstrating that any mental illness rendered exhaustion of his administrative remedies futile.

Finally, Petitioner objects to the R & R concluding that his allegations regarding incorrect information on the appeals process from prison officials should have been in a sworn affidavit. (Dkt. No. 44 at 3.) While Petitioner has now provided an affidavit, his claims regarding the incorrect information nonetheless fail to demonstrate futility. While this Court has not found case law on the topic in this district, at least one district court has found that incorrect information from prison officials to be a relevant fact when assessing futility. *Lourido-Vidal v. Fisher*, No. CIV. 12-499 PJS/TNL, 2013 WL 3771223, at *7 (D. Minn. July 17, 2013) (excusing lack of exhaustion for futility where prison official provided "poor advice" regarding when to file his appeal). However, even if that precedent existed in this district, that situation is not present here. While Petitioner alleges that he received some bad advice from prison officials, his assertion cannot overcome the explicit and detailed instructions contained on the rejection notices dated April 3, 2017, and May 24, 2017, explaining to Petitioner exactly how to conform his appeals to procedural requirements, and the rejection notices from the Central Office informing Petitioner of the requirement to appeal to the Regional Office first. (Dkt. No. 1-1 at 7 – 8, 10, 13, 17, 21.) Furthermore, as previously noted, Petitioner succeeded in exhausting his administrative remedies

in a parallel proceeding, undermining any claim that the alleged incorrect information affected his ability to properly exhaust his administrative remedies. Petitioner's final objection therefore fails to demonstrate futility.

The record shows that Petitioner did not properly exhaust his administrative remedies and did not demonstrate that it would have been futile to do so. Petitioner's claims are therefore procedurally barred. As Petitioner's claims are procedurally barred, this Court declines to address the merits of the case. *See Karsten v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) (holding that while an alternative holding is "tempting," it is nonetheless dicta).

## IV. Conclusion

For the foregoing reasons, the R & R of the Magistrate Judge (Dkt. No. 38) is **ADOPTED** as the order of the Court and Respondent's motion for summary judgment (Dkt. No. 25) is **GRANTED**.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of

appealability has not been met because reasonable jurists would not find it debatable that Petitioner failed to exhaust his administrative remedies. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

July 30, 2018
Charleston, South Carolina